IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND JABLONSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 03398 |
| v. ) | |
| ) | Magistrate Judge Nan R. Nolan |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raymond Jablonski filed this action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 416, 423(d), 1381a. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On November 5, 2010, pursuant to sentence four of 42 U.S.C. § 405(b), the Court reversed the decision of the Administrative Law Judge ("ALJ") and remanded the case to the Commissioner for further proceedings. Plaintiff now seeks to recover his attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons set forth herein, the application for fees is granted in part.

# I. BACKGROUND

Plaintiff applied for DIB and SSI on May 31, 2007, alleging he became disabled on November 16, 2004, due to rheumatoid arthritis in his knees and lower back. The Commissioner denied Plaintiff's applications initially and on reconsideration. Following a hearing, the ALJ denied Plaintiff's request for benefits, finding that he retains the residual functional capacity to perform work that exists in significant numbers in the national economy. After the Appeals Council denied Plaintiff's request for review, he sought judicial review before this Court under 42 U.S.C. § 405(g).

On November 5, 2010, the Court reversed the ALJ's decision and remanded the matter to the Commissioner for further proceedings. The Court determined that the ALJ did not properly evaluate Plaintiff's mental and physical residual functional capacity, finding that the reasons given by the ALJ for rejecting the opinions of Plaintiff's treating physician were not legally sufficient or supported by substantial evidence. First, the ALJ erred in relying on the opinions of nontreating physicians over the opinions of Plaintiff's treating physician. Second, the medical evidence supported the opinions of Plaintiff's treating physician. Third, Plaintiff testified that he could not afford psychiatric treatment. Fourth, the medical expert's conclusion discounting Plaintiff's pain allegations was contrary to law. Finally, the ALJ failed to explicitly consider the effects of Plaintiff's obesity on his physical impairments.

Plaintiff now moves for attorney's fees and costs under EAJA. He seeks $9760.25 for 57.4 hours of work on the case (55 hours of attorney time at $173.75 per hour and 2.4 hours of legal assistant time at $85 per hour) as well as $20 in costs. (Mot. ¶¶ 13–14, 17 & Ex. C; Reply 1, 7–8.)

## II. STANDARD OF REVIEW

The EAJA provides that a district court may award attorney's fees where (1) the claimant was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner does not oppose an award of fees to Plaintiff or assert that his position was "substantially justified." Instead, the Commissioner argues that Plaintiff's fee request reflects "non-compensable work and costs, impermissibly vague entries, and excessive time spent on matters." (Resp. 1.) The Commissioner requests the Court to "reduce Plaintiff's request to account for these improper requests." (*Id.* 2.)

The EAJA allows for an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). In *INS v. Jean*, 496 U.S. 154, 161 (1990), the Supreme Court indicated that the district court's task of determining what fee is reasonable under the EAJA is essentially the same as that described in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Under *Hensley*, Plaintiff bears the burden of providing accurate documentation and demonstrating that his fee request is reasonable. 461 U.S. at 437. Nevertheless, "where a plaintiff has obtained excellent results, his attorney should

recover a fully compensable fee." *Id.* at 535. A "district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a concise but clear explanation." *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992) (citation omitted). The district court cannot merely "eyeball the request and if it seems excessive cut it down by an arbitrary percentage." *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984).

### III. DISCUSSION

The Commissioner does not assert that its position opposing Plaintiff's applications for SSI and DIB was substantially justified. (Resp. 2 n.1.) Nor does the Commissioner object to the proposed hourly rates for Plaintiff's counsel. (*Id.* 3 n.4.) Instead, the Commissioner asserts that the number of hours expended by Plaintiff's counsel was excessive and requests that Plaintiff's fee request be reduced by $1553.75 (8.6 hours of attorney time and 0.7 hours of legal assistant time). (Resp. 8.) In support of his assertion, the Commissioner makes a number of arguments, which the Court will address seriatim.

**A. Noncompensable Time**

The Commissioner argues that several of Plaintiff's counsel's time entries contain noncompensable work. (Resp. 3–5.) On May 6 and June 2, 2009, counsel billed 1.0 hours for a legal assistant to draft the fee agreement, the complaint, the summons, the appearance, and the civil cover sheet. (Mot. Ex. C.) Defendant argues that preparing a standard fee agreement, summons and civil cover sheet are clerical tasks and requests that 0.6 hours be deducted. (Resp. 3.) The Court disagrees. Pre-

paring these documents requires some expertise, and counsel properly delegated them to a legal assistant. *Cf. Porter v. Barnhart*, 2006 WL 1722377, at *4 (N.D. Ill. June 16, 2006) ("This Court considers use of paralegals to be an appropriate way of containing legal costs and will not discount those hours.").

On August 11 and 12, 2009, counsel billed 0.4 hours of attorney time to call "Jacky Walther" and to send and receive fax documents. (Mot. Ex. C.) Defendant contends that "Jacky Walther" is an unknown person and that sending and receiving faxes is a clerical function. (Resp. 3–4.) Plaintiff agrees that receiving faxes is noncompensable clerical work, and agrees to a reduction of 0.2 hours. (Reply 1.) Further, because Plaintiff does not identify who "Jacky Walther" is or the purpose of the phone call, the Court will **deduct 0.4 hours of attorney time** from Plaintiff's request.

On November 5 and 6, 2009, and January 9, 2010, counsel billed 1.3 hours of attorney time to review the Court's briefing schedule, discuss a modified schedule with opposing counsel, draft a motion to extend the briefing schedule, and post the revised schedule. (Mot. Ex. C.) Defendant argues that "it is unreasonable for Plaintiff's counsel to seek payment for time spent obtaining an extension that was entirely for counsel's convenience." (Resp. 4.) The Court disagrees. Given the length of the administrative record—577 pages—and the complexity of the issues present in this case (the Court's opinion was 30 pages long), it was reasonable for counsel to request an extension of the Court's initial, two-week deadline. Further, as part of Plaintiff's motion, it requested an extension of 45 days on behalf of the Commis-

sioner, who later requested an additional 30 days. *See Salaam v. Astrue*, 2009 WL 382747, at *2 (E.D. Wis. Feb. 10, 2009) (approving EAJA payment for time spent on requesting extension, finding good cause for request and noting that Commission also requested additional time).

Defendant also contends that reviewing, setting and posting briefing schedules is a noncompensable, clerical task. On the contrary, "lawyers are supposed to keep track of briefing schedules and other items sent by the court, and the amount of time doing so here was miniscule." *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004).[1]

**B. Excessive Time**

Defendant contends that several of counsel's time entries are excessive. (Resp. 6–8.) First, the Commissioner argues that 15.5 hours spent preparing Plaintiff's reply brief is excessive "in light of counsel's previous time spent on these issues," and requests a deduction of 6.5 hours. (*Id.* 6–7.) Defendant asserts that the reply brief "relied heavily on material previously prepared for the merits brief." (*Id.* 7.) The Court disagrees. The only portion of the 14-page reply brief that was "lifted" from the opening brief was a single paragraph listing testimony and medical evidence.

---

[1] Defendant also argues that the above time entries are impermissibly vague. (Resp. 5–6.) Defendant contends that "Plaintiff's counsel also lumps together many time listings, thereby precluding the Court from determining the reasonableness of those entries." (*Id.* 5.) On the contrary, counsel has "identif[ied] the general subject matter of his time expenditures," *Hensley*, 461 U.S. at 437 n.12, and the time entries are "sufficiently clear to enable the district court to identify what hours, if any, are excludable because they are excessive, redundant, or otherwise unnecessary," *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 n.5 (7th Cir. 1986). "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended." *Hensley*, 461 U.S. at 437 n.12. In any event, with the exception of one item, the Court has found the above time entries reasonable and compensable.

Instead, the reply brief focused on the issues raised by the Commissioner in his response brief and addressed the Commissioner's fact-based arguments. Further, given the complexity of the issues in this case and the oversize length of the administrative record, *see Bryan v. Astrue*, 2010 WL 438384, at *2 (N.D. Ill. Feb. 8, 2010) (finding a 403-page administrative record "rather large"); *Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (noting that the 459-page administrative record was "rather voluminous), the Court finds that 15.5 hours preparing a 14-page reply brief is reasonable, *see Holland v. Barnhart*, 2004 WL 419871, at *2 (N.D. Ill. Feb. 3, 2004) (finding 56.85 hours for preparing three briefs, totaling 49 pages, reasonable); *Hall v. Astrue*, 2010 WL 5341879, at *2 (S.D. Ind. Dec. 20, 2010) ("Ms. Hall provides a detailed explanation to justify spending 20.85 hours on the reply brief, and explains why additional time was necessary to search the administrative record to combat arguments made by the Commissioner in his response brief. The court further observes that the reply brief is often the more important brief an appellant (or moving party) files. The reply brief requires an analysis of the issues in light of the opposing party's factual and legal arguments. It does not strike the court as unusual that the reply brief would require more attorney time [than the opening brief]."); *cf. Groskreutz v. Barnhart*, 2005 WL 567814, at *2 (W.D. Wis. Feb. 28, 2005) ("Although I agree that nearly 20 hours for a 10-page reply brief covering well-known territory is on the high side, this court is loathe to second-guess the reasonableness of time expended by counsel preparing briefs in social security cases. Plaintiffs in such cases typically have no other method by which to present their

case to the court and must attack every potentially reversible aspect of the commissioner's decision in a single brief. As this court has noted in previous cases, a brief's ultimate length offers only an imprecise measure of the amount of research, thought, writing, revising and proofreading that went into it. Although I recognize that a reply brief is more focused than an opening brief, I nonetheless conclude that the time expended by counsel preparing the appellate reply brief in this case is not so patently unreasonable as to warrant a reduction. It is worth noting that plaintiff ultimately prevailed in obtaining a remand of her case to the commissioner."); *see also Hemsley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

Second, the Commissioner argues that spending 4.1 hours drafting Plaintiff's EAJA petition is excessive, and requests a deduction of 2.1 hours. (Resp. 7.) Defendant contends that Plaintiff's petition "consisted largely of boilerplate language or language largely summarizing the Court's order." (*Id.*) (citations omitted). The Court disagrees. While the EAJA petition does contain boilerplate language in regards to the applicable standard of review (*see* Mot. ¶¶ 4–8, 12, 15–17), it also contains a detailed synthesis of the Court's opinion reversing the ALJ's decision, which required counsel to carefully review the ALJ's decision and the Court's 30-page order. *See Bryan*, 2010 WL 438384, at *2 (stating that "although the legal issues raised in this case are implicated in many social security appeals, each case necessitates thorough analysis, regardless of how 'routine' the issues may be"); *see also Jenkins v. Astrue*, 544 F. Supp. 2d 736, 742–43 (N.D. Ind. 2008) ("This court utilizes

boilerplate language and also maintains a computerized bank of legal precedent. Yet, like Jenkins' attorney, the court must conduct new research every time a case is presented, which research is often time-consuming. Thus this court fully understands Jenkins' attorneys method of drafting briefs. Jenkins' attorney is to be commended for his use of time-saving methodologies, not penalized."). Given the complexity of the issues in this case and the length of the Court's opinion, the Court finds that spending 4.1 hours drafting the EAJA petition is reasonable. *See Porter*, 2006 WL 1722377, at *3 (finding that 12 hours was a reasonable amount of time to research and prepare the fee petition); *Borth v. Commissioner*, 2010 WL 3724804, at *1 (C.D. Ill. Sept. 14, 2010) (finding that 4 hours preparing fee petition was reasonable).

Finally, Defendant contends that spending 1.0 hours of legal assistant time to prepare the EAJA time itemization is excessive, and requests a deduction of 0.7 hours. (Resp. 8.) The Court agrees. Given the automation of billing records, 0.3 hours is a reasonable amount of time to print, summarize and calculate the applicable time entries. Further, in his Reply, Plaintiff neither addresses this time entry nor identifies any extenuating circumstances that necessitated additional time in this case. Accordingly, the Court will **deduct 0.7 hours of legal assistant time** from Plaintiff's request.

**C. Costs**

Defendant contends that Plaintiff provides no justification for seeking $20 in costs for copying and printing documents. (Resp. 8–9.) Defendant argues that "in-

stead of providing evidence, [Plaintiff's] attorney merely makes the unsubstantiated claim that printing documents 'cost' $0.10 per page." (*Id.* 9.) Plaintiff replies that his counsel "does this printing and copying in-house, and therefore cannot present receipts for these costs." (Reply 7.) The Court finds that printing copies of Plaintiff's briefs, Defendant's brief and the Court's order for the client and the file at $0.10 per page is reasonable and compensable. *See Carmel v. Bowen*, 700 F. Supp. 794, 795 n.1 (S.D.N.Y. 1988) (Successful social security disability benefits claimant was entitled to recover actual photocopying expenses under EAJA); *Massachusetts Fair Share v. Law Enforcement Assistance Admin.*, 776 F.2d 1066, 1069–70 (D.C. Cir. 1985) (duplication expenses are recoverable under EAJA); *Select Milk Producers, Inc. v. Veneman*, 304 F. Supp. 2d 45, 60 (D.D.C. 2004) (copying costs are compensable under EAJA), *rev'd in part on other grounds*, 400 F.3d 939 (D.C. Cir. 2005); *see also Somogy v. Astrue*, 2011 WL 250575, at *8 (M.D. Fla. Jan. 25, 2011) (finding that "local market rates for copying large legal documents ranges from $.10 per page to $.15 per page").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees [Doc. 28] is **granted in part**. The Court awards attorney's fees and costs in the total amount of **$9651.25** (54.6 hours of attorney time at $173.75 per hour and 1.7 hours of legal assistant time at $85 per hour, as well as $20 in costs). Defendant shall make the attorney's fee award payable directly to Barry A. Schultz, pursuant to a written

agreement with Plaintiff Raymond Jablonski. This award satisfies all claims under the EAJA incurred in this case through the date of this Order.

E N T E R:

Dated: March 3, 2011

NAN R. NOLAN
United States Magistrate Judge